IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROSE ANN BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:14-CV-671 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Rose Ann Byrd ("Byrd") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled and therefore not eligible for supplemental security income ("SSI") under the Social Security Act ("Act"). 42 U.S.C. §§ 1381–1383f. Specifically, Byrd alleges that the Administrative Law Judge ("ALJ") erred by (1) failing to properly identify her past relevant work history, (2) failing to properly evaluate her mental health impairments and finding that her mental health impairments were not severe, and (3) failing to find that she did not meet listing 1.07.

This court has jurisdiction pursuant to 42 U.S.C. § 1383(c)(3). This case is before me by consent pursuant to 28 U.S.C. § 636(c)(1). The parties have fully briefed all issues, and the case is ripe for decision. I have carefully reviewed the administrative record, the legal memoranda, the arguments of counsel, and the applicable law. I conclude that remand of this case is appropriate for the ALJ to resolve an apparent conflict between the limitations on reaching in Byrd's past work as identified in the Dictionary of Occupational Titles ("DOT") and the testimony of the vocational expert as to the reaching requirements in that work. Accordingly, I

1

**GRANT in part** Byrd's Motion for Summary Judgment (Dkt. No. 12), and remand this case for further administrative consideration consistent with this opinion. I **DENY** the Commissioner's Motion for Summary Judgment. Dkt. No. 14.

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Byrd failed to demonstrate that she was disabled[1] under the Act. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner[2] will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

---

[1] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects her ability to perform daily activities or certain forms of work. Rather, a claimant must show that her impairments prevent engaging in any and all forms of substantial gainful employment given the claimant's age, education, and work experience. See 42 U.S.C. § 423(d)(2).

[2] The Commissioner uses a five-step process to evaluate a disability claim. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The Commissioner asks, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment;[2] (4) can return to her past relevant work; and if not, (5) whether she can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

2

Byrd bears the burden of proving that she is disabled within the meaning of the Act. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5)).

## **STATEMENT OF FACTS**

Byrd filed for SSI on December 1, 2011, claiming that her disability began on that same day. R. 105, 213. The Commissioner denied the application at the initial and reconsideration levels of administrative review. R. 120, 128. On August 1, 2013, ALJ Joseph Scruton held a hearing to consider Byrd's disability claim. R. 69–93. Byrd was represented by an attorney, David Barry, at the hearing, which included testimony from vocational expert Robert Jackson. R. 69.

Byrd was born in June of 1961(Administrative Record, hereinafter "R." at 94), and was 50 years old on her alleged onset date, making her an individual closely approaching advanced age. R. 94; 20 C.F.R. § 404.1563(d). Byrd graduated high school in 1979 and reported that she previously worked as a receptionist in a hair salon from 1997 until 1999 and as a house cleaner from 1999 until 2004. R. 230–31. Byrd reported that during the relevant period, she had the capacity to take care of her personal needs, cook, clean, and wash clothes for her husband, drive, shop for groceries, manage her money, go fishing in the summer, and visit her son. R. 264–71. She also reported that she could no longer bike, walk long distances, or do outdoor sports. R. 265. She indicated she had no trouble with standing, talking, hearing, seeing, concentrating, memory, understanding, following instructions, or getting along with others. R. 269.

On September 6, 2013, the ALJ entered his decision denying Byrd's claims. R. 20–29. The ALJ found that Byrd suffered from the severe impairments of "status post fracture of tibia-fibula with hardware on left lower extremity and old nonunion of right humerus fracture." R. 22. The ALJ found that these impairments, either individually or in combination, did not meet or

3

medically equal a listed impairment. R. 24. The ALJ also determined that Byrd's mental impairments of anxiety and attention-deficit hyperactivity disorder were nonsevere. R. 22. The ALJ further found that Byrd retained the RFC to perform sedentary work, in which she could lift and/or carry up to ten pounds, stand and/or walk for two hours and sit for six hours in an eight-hour workday. R. 24. Byrd could "occasionally reach overhead with no constant other direction reaching, handling, or fingering with the right upper extremity." R. 24. The ALJ determined that Byrd could return to her past relevant work as a receptionist. R. 28. Thus, the ALJ concluded that she was not disabled. R. 29. On October 28, 2014, the Appeals Council denied Byrd's request for review (R. 9), and this appeal followed.

## **ANALYSIS**

The dispositive issue in this case is whether the ALJ, at Step 4, properly resolved the apparent conflicts between the testimony of the VE and limitations described in the Dictionary of Occupational Titles (DOT) for the jobs identified by the VE that Byrd could perform. That issue was addressed in the recent decision of the Fourth Circuit in Pearson v. Colvin, No. 14-2255, 2015 WL 9204335 (4th Cir. 2015) which requires the ALJ to resolve these apparent conflicts.

In Pearson, the vocational expert testified that the claimant was not disabled because he could perform three occupations that existed in sufficient numbers in the national economy. Id. For each of those occupations, the DOT listed frequent reaching as a requirement. Id. The ALJ found that Pearson, however, could only frequently reach overhead with one arm. The DOT defines "reaching" as "'[e]xtending hand(s) and arm(s) in any direction" and does not specify whether these occupations require only overhead or lateral reaching. Id. (citing App. C, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles C–3). Accordingly, the Fourth Circuit concluded that an apparent conflict existed between the

4

vocational expert's testimony that Pearson could perform these jobs and the DOT, which indicated that perhaps he could not. The court held that:

> it is the purview of the ALJ to elicit an explanation from the expert as to whether these occupations do, in fact, require frequent bilateral overhead reaching. If the explanation does not provide a reasonable basis for relying on the expert's testimony, that testimony cannot provide substantial evidence for a denial of benefits. If the expert's explanation is reasonable, the ALJ can resolve the apparent conflict with the Dictionary and rely on the expert's testimony.

Id. The ALJ's failure to do so in Pearson was error requiring remand.

The court cautioned that finding an apparent conflict between the expert's testimony and the DOT did not mean that Pearson or a similarly situated person was disabled. "Rather, it simply means that the ALJ and the expert should address exactly what form of reaching the stated occupations require and whether the claimant can fulfill those requirements." Id., at *7.

Here, the ALJ's analysis focused on whether Byrd could perform her past work as a receptionist given her restrictions of the right upper extremity to only occasional overhead reaching and no constant other direction reaching. The vocational expert testified that the receptionist job as defined by the DOT required frequent reaching and that the DOT did not distinguish between overhead reaching or reaching in all directions. That is, the expert testified, "[i]t's all or none," and if a person is limited to only occasional reaching with a dominant hand, that person could not perform the receptionist work. R. 88. The VE then testified, in apparent contradiction to the DOT requirement of frequent reaching – it is all or none – that a limitation to only occasional overhead reaching would not impact the receptionist position. Id. The only explanation the expert offered for this contradiction was "that's just my opinion." R. 88.

The ALJ found that Byrd's functional RFC permitted her to "occasionally reach overhead with no constant other direction reaching, handling, or fingering with the right upper extremity." (R. 24). The ALJ then determined that Byrd was capable of performing her past work as a

5

receptionist because "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." R. 28. In addressing Byrd's reaching abilities, the ALJ wrote that the receptionist job was "within [Byrd's] residual functional capacity and that overhead reaching is by the vocational expert's own professional opinion [sic] because the Dictionary of Occupational Titles does not distinguish direction of reach." R. 29.

The testimony and explanation about the apparent conflict in this case falls far short of the Fourth Circuit's requirement that the ALJ "inquire on the record" whether there are any conflicts between the expert's testimony and the DOT, "elicit a reasonable explanation for" any such discrepancy, and "resolve" any conflicts that are identified. Pearson, at *3. The ALJ has a duty to determine whether a vocational expert's explanation is reasonable before he may rely on that testimony. Id. Relying only upon the expert's brief statement that "that's just my opinion" is an inadequate resolution of the conflict that arose in this case. The ALJ and the vocational expert failed to sufficiently address what form of reaching the receptionist job required and whether Byrd could fulfill those requirements. The expert's testimony does not provide substantial evidence to support the ALJ's conclusion that Byrd could return to work as a receptionist. Accordingly, the case shall be remanded to allow the ALJ to further develop the vocational expert's testimony.[3]

## **CONCLUSION**

Accordingly, the defendant's motion for summary judgment is **DENIED**, Byrd's motion for summary judgment is **GRANTED in part**, and the case is **REVERSED** and **REMANDED**

---

[3] Byrd raised multiple other issues in this appeal, including arguments that the ALJ erred by evaluating her past relevant work as she performed it, by concluding that her mental health impairments were not severe, and by improperly concluding that she did not meet listing 1.07. Having concluded that the case must be remanded on other grounds, I do not need to address whether the ALJ erred in these areas. On remand, the ALJ must re-weigh all of the evidence and will thus reconsider these issues when formulating a new opinion.

6

for resolution of the conflict between the vocational expert's testimony and the information found in the DOT.

                                  Entered: February 3, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge